**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 13-4411**

───────────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JOHN MOORE,

             Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever, III, Chief District Judge.  (7:10-cr-00147-D-1)

───────────────

Submitted:  March 28, 2014              Decided:  May 8, 2014

───────────────

Before GREGORY and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Deborrah L. Newton, NEWTON LAW, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Joshua L. Rogers, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Moore was charged with carjacking, 18 U.S.C. § 2119 (2012) (Count One), using and carrying a firearm, and possessing the firearm, in furtherance of the carjacking, 18 U.S.C. § 924(c) (2012) (Count Two), and possessing a firearm after having been convicted of a felony, 18 U.S.C. §§ 922(g)(1), 924 (2012) (Count Three). Moore pled guilty to Count Three, but proceeded to trial on Counts One and Two. The jury found Moore guilty on both counts. The court sentenced Moore to 180 months' imprisonment on Count One, 120 months on Count Two, and sixty months on Count Three, to run consecutively, for a total of 360 months' imprisonment. On appeal, Moore challenges the sufficiency of the evidence to convict him of carjacking and carrying a firearm in furtherance of carjacking. He also argues that the sentencing court erred in denying him a two-level reduction for acceptance of responsibility. We affirm.

Moore first contends that he did not commit a federal carjacking and therefore the jury's verdict on Counts One and Two cannot be sustained. He argues that the Government did not prove that he specifically intended to cause death or serious bodily injury at the time the vehicle was taken and that Moore did not steal the car in the victim's presence using force and violence or intimidation.

2

We review de novo a district court's denial of a defendant's motion for judgment of acquittal. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). A defendant challenging the sufficiency of the evidence faces "a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (citation and internal quotation marks omitted). We must sustain a jury verdict if there is substantial evidence to support it, viewing the evidence in the light most favorable to the Government, assuming the credibility of the evidence, and drawing all favorable inferences from the evidence. United States v. Penniegraft, 641 F.3d 566, 571-72 (4th Cir. 2011). The evidence supporting a conviction is "substantial" if "a reasonable finder of fact could accept [the evidence] as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Alerre, 430 F.3d at 693 (citation and internal quotation marks omitted).

To prove the offense of carjacking, in violation of 18 U.S.C. § 2119, the Government was required to establish that the defendant "(1) with intent to cause death or serious bodily harm (2) took a motor vehicle (3) that had been transported, shipped or received in interstate or foreign commerce (4) from the person or presence of another (5) by force and violence or intimidation." United States v. Foster, 507 F.3d 233, 246-47 (4th Cir. 2007) (citation and internal quotation marks omitted).

We have reviewed the transcript of the jury trial and we conclude that sufficient evidence supports the jury's verdict on Counts One and Two.

Next, Moore argues that, even though he went to trial, the district court should have awarded him a two-level acceptance of responsibility reduction. In considering challenges to a sentencing court's application of the Guidelines, this Court reviews factual determinations for clear error and legal conclusions de novo. United States v. Burgess, 684 F.3d 445, 454 (4th Cir.), cert. denied, 133 S. Ct. 490 (2012). The determination of whether a defendant is deserving of an acceptance of responsibility adjustment "is clearly a factual issue and thus reviewable under a clearly erroneous standard." United States v. White, 875 F.2d 427, 431 (4th Cir. 1989).

Section 3E1.1 of the Guidelines Manual provides for a two-level reduction for a defendant who "clearly demonstrates acceptance of responsibility for his offense." United States v. Jeffery, 631 F.3d 669, 678 (4th Cir. 2011) (internal quotation marks omitted). This Court has noted that "[a]lthough the reduction is not intended to apply to a defendant who puts the government to its burden of proof at trial, . . . going to trial does not automatically preclude the adjustment." Id. (internal quotation marks and citation omitted); see USSG § 3E1.1 cmt.

4

n.2. "In rare situations, such as when the defendant goes to trial to assert and preserve issues that do not relate to factual guilt, . . . an adjustment may still be appropriate." Jeffery, 631 F.3d at 678 (internal quotation marks omitted). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility, and thus . . . the determination of the sentencing judge is entitled to great deference on review." Elliott v. United States, 332 F.3d 753, 761 (4th Cir. 2003) (internal quotations and brackets omitted).

Although Moore pled guilty to Count Three, he denied essential factual elements of his guilt as to Counts One and Two and put the Government to its burden of proof. This case does not present the rare circumstances in which a defendant has clearly demonstrated acceptance of responsibility despite going to trial. We therefore find that the district court did not clearly err in denying an adjustment for acceptance of responsibility.

Based on the foregoing, we affirm Moore's criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED